IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryant Heyward,<br><br>    Plaintiff,<br><br>v.<br><br>Keith Tyner, Individually and in his Official Capacity; Richard Powell, Individually and in his Official Capacity; Tiffany Rivers, Individually and in her Official Capacity; Eric Watson, Individually and in his Official Capacity; Mitch Lucas, Individually and in his Official Capacity; Al Cannon, Individually and in his Official Capacity; Charleston County Sheriff's Office; Charleston County Consolidated 911 Center; James "Jim" Lake, Individually and in his Official Capacity,<br><br>    Defendants. | C/A No.: 2:17-cv-01545-DCN-MGB<br><br><br>**ANSWER ON BEHALF OF DEFENDANTS KEITH TYNER, RICHARD POWELL, ERIC WATSON, MITCH LUCAS, AL CANNON, AND THE CHARLESTON COUNTY SHERIFF'S OFFICE**<br><br>**(Jury Trial Demanded)** |

Come now the defendants, Keith Tyner, Richard Powell, Eric Watson, Mitch Lucas, Al Cannon, and the Charleston County Sheriff's Office ("CCSO") (hereinafter collectively "Answering Defendants")[1] and respectfully answer the plaintiff's Complaint as follows:[2]

**FOR A FIRST DEFENSE**
**(Qualified General Denial)**
**All specifically not admitted herein should be deemed denied.**

---

[1] Defendants Keith Tyner, Richard Powell, and CCSO previously submitted an Answer (ECF No. 4) and Amended Answer (ECF No. 12). This present Answer is the first for Eric Watson, Mitch Lucas, and Al Cannon in this action as they previously filed a Motion to Dismiss in lieu of an Answer.

[2] Defendants Keith Tyner, Richard Powell, Eric Watson, Mitch Lucas, Al Cannon, and CCSO filed a Motion to Dismiss (ECF No. 5) upon which the Court entered an Order (ECF No. 28) on March 20, 2018 fully adopting the Report and Recommendation. The Order concluded that: (1) moving defendants are immune from any § 1983 claims brought against them in their official capacities; (2) Heyward should not obtain punitive damages against moving defendants for claims brought against them in their official capacities under § 1983; (3) the § 1983 Second Amendment claim against Tyner and Powell should be dismissed for failure to state a claim; and (4) moving defendants' motion to dismiss the conspiracy claim should be denied. Further, Plaintiff agreed to dismiss his gross negligence claim against Cannon and Lucas in the Third Cause of Action as well his Eighth Amendment claim against Tyner and Powell in the Seventh Cause of Action. (*See* ECF No. 28 at 4 n.1; ECF No. 9). This present Answer is being submitted in accordance with Fed. R. Civ. P. 12(a)(4)(A).

## JURISDICTION AND VENUE

1. Upon information and belief, admit.

2. Admit, except as to claims against this Defendant in his official capacity as those have been dismissed and do not require a response.

3. Admit, except as to claims against this Defendant in his official capacity as those have been dismissed and do not require a response.

4. Lack information to admit or deny.

5. Admit, except as to claims against this Defendant in his official capacity as those have been dismissed and do not require a response.

6. Admit, except as to claims against this Defendant in his official capacity as those have been dismissed and do not require a response.

7. Admit, except as to claims against this Defendant in his official capacity as those have been dismissed and do not require a response.

8. Deny as stated.

9. This paragraph is directed at a Defendant other than the Answering Defendants. Therefore, Answering Defendants lack knowledge or information.

10. Upon information and belief admit.

11. Calls for legal conclusions requiring no response.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12. Requires no response.

13. Admit that individual Answering Defendants were acting within the course and scope of their duties as public officials. The remainder calls for legal conclusions requiring no response.

14. Admit only that this action involves an officer-involved shooting. Lack knowledge or

information or deny as to the remainder.

15. Lack knowledge or information as stated.

16. Lack knowledge or information as stated. Further, answering Defendants crave reference to the audio recordings as the best evidence of what was or was not said. To the extent the allegations in this paragraph are inconsistent with the audio recording referenced, the same are denied.

17. Answering Defendants crave reference to the audio recordings as the best evidence of what was or was not said. To the extent the allegations in this paragraph are inconsistent with the audio recording referenced, the same are denied.

18. Answering Defendants crave reference to the audio recordings as the best evidence of what was or was not said. To the extent the allegations in this paragraph are inconsistent with the audio recording referenced, the same are denied.

19. Answering Defendants crave reference to the audio recordings as the best evidence of what was or was not said. To the extent the allegations in this paragraph are inconsistent with the audio recording referenced, the same are denied.

20. This paragraph is directed at a Defendant other than the Answering Defendants. Therefore, Answering Defendants lack knowledge or information.

21. This paragraph is directed at a Defendant other than the Answering Defendants. Therefore, Answering Defendants lack knowledge or information.

22. This paragraph is directed at a Defendant other than the Answering Defendants. Therefore, Answering Defendants lack knowledge or information.

23. Admit only that both deputies approached the rear of the residence and were approaching the back porch. At that time, the deputies did not know who, if anyone, was inside the residence.

While approaching, the back door came open.

24. Deny as stated. Deputy Tyner admits that he had stepped onto the back porch of the residence, but was several feet from the back door.

25. Lack knowledge or information and deny.

26. Deny.

27. Admit that Tyner immediately provided aid to Plaintiff while Powell called for medical assistance. Deny that EMS was the initial first responder on the scene.

28. Admit that in addition to the deputies providing aid, the fire department and EMS provided aid and Plaintiff was loaded into an ambulance. Deny or lack knowledge or information as to the remainder.

29. Admit that Detective Sharp rode in the ambulance with Plaintiff and spoke with Plaintiff. Deny and/or lack knowledge and information as to the remainder.

30. Deny as stated.

31. Deny as stated.

32. Deny as stated.

33. Admit only that SLED was called to investigate.

34. Deny as stated.

35. Deny as stated.

36. Deny as stated.

37. Deny as stated.

38. Deny as stated.

39. Deny as stated.

40. Deny as stated.

41. Deny as stated.

42. Deny or lack knowledge or information.

43. Lack knowledge or information and therefore deny at this stage of litigation.

44. Deny.

45. Calls for a legal conclusion requiring no response.

## FOR A FIRST CAUSE OF ACTION
(Gross Negligence Against Defendant Rivers, Individually and in her Official Capacity)

46. Requires no response.

47. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. To the extent the allegations in this paragraph are directed at Answering Defendants, these defendants lack knowledge or information or deny the allegations.

48. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph calls for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants in this paragraph, the same are denied and/or the Answering Defendants lack knowledge or information.

49. This Paragraph and its subparts are not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph and its subparts call for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants, the same are denied and/or the Answering Defendants lack knowledge or information.

50. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph calls for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants in this paragraph, the same are denied and/or the Answering Defendants lack knowledge or information.

51. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph calls for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants in this paragraph, the same are denied and/or the Answering Defendants lack knowledge or information.

52. Deny.

### FOR A SECOND CAUSE OF ACTION
(Gross Negligence Against Defendants CCCC and Defendant Lake, Individually and in his Official Capacity)

53. Requires no response.

54. Not directed at Answering Defendants therefore lack knowledge or information or is denied.

55. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph calls for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants in this paragraph, the same are denied and/or the Answering Defendants lack knowledge or information.

56. This Paragraph and its subparts are not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph and its subparts call for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants, the same are denied and/or the Answering Defendants lack knowledge or information.

57. This Paragraph is not directed at Answering Defendants, and therefore, no response is required. Further, this paragraph calls for legal conclusions requiring no response. As to any factual allegations directed at Answering Defendants in this paragraph, the same are denied and/or the Answering Defendants lack knowledge or information.

58. Deny.

59. Deny.

## FOR A THIRD CAUSE OF ACTION
(Gross Negligence Against Defendant CCSO, and Defendants Lucus and Cannon, Individually and in their Official Capacity)

60. Requires no response.

61. By Court Order (ECF No. 28), Defendants Lucas and Cannon have been dismissed from this Gross Negligence cause of action. However, to the extent a response is required to Paragraph 61 on any remaining claims, Answering Defendants admit that Cannon and Lucas were working within the course and scope of their employment at all relevant times. .

62. Admit only as to the general public of which the plaintiff is a member.

63. Deny including subparts.

64. Deny.

65. By Court Order (ECF No. 28), Defendants Lucas and Cannon have been dismissed from this Gross Negligence cause of action. To the extent a response is required, Paragraph 65 is denied.

66. By Court Order (ECF No. 28), Defendants Lucas and Cannon have been dismissed from this Gross Negligence cause of action. To the extent a response is required, Paragraph 66 is denied.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Supervision, Retention Against Defendants CCSO and CCCC)

67. Requires no response.

68. Calls for legal conclusions requiring no response.

69. Deny.

70. Deny.

71. Deny.

72. Deny including subparts.

73. Deny.

74. Deny.

## FOR A FIFTH CAUSE OF ACTION
(Battery Against Defendants Tyner and Powell, Individually and in their Official Capacity)

75. Requires no response.

76. Admit.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

## FOR A SIXTH CAUSE OF ACTION
(Assault Against Defendant Tyner, Individually and in his Official Capacity)

81. Requires no response.

82. Admit.

83. Deny as stated.

84. Deny.

## FOR A SEVENTH CAUSE OF ACTION
(42 U.S.C. § 1983 – Violation of Plaintiff's Civil Rights Under the 4th and 8th Amendments to the United States Constitution by Defendants Tyner and Powell, Individually and in their Official Capacity)

85. Requires no response.

86. Admit. However, to the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed. (*See* Order, ECF No. 28 at 4).

87. Deny as stated and/or calls for legal conclusions requiring no response. Further, to the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

88. Admit only that Plaintiff was shot. The remainder is denied as stated or calls for a legal conclusion requiring no response. Further, to the extent this paragraph purports to allege a cause of action against Tyner and Powell pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

89. Deny. To the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

90. Deny. To the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

91. Deny. To the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

92. Deny. To the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed. (*See* Order, ECF No. 28 at 4).

93. Calls for legal conclusions requiring no response. To the extent this paragraph purports to allege a cause of action against Tyner and Powell in their official capacities or pursuant to the Eighth Amendment, the same have been dismissed, are moot and no response is required. (*See* Order, ECF No. 28 at 4).

FOR AN EIGHTH CAUSE OF ACTION
(42 U.S.C. § 1983 – Violation of Plaintiff's Civil Rights Under the 2nd Amendment to the United States Constitution as to Defendants Tyner and Powell, Individually and in their Official Capacity)

94. Requires no response.

95. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 95 is admitted.

96. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 96 is denied.

97. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 97 is denied.

98. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 98 is denied.

99. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 99 is denied.

100. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 100 is denied.

101. By Court Order (ECF No. 28), Plaintiff's Eighth Cause of Action has been dismissed. To the extent a response is required, Paragraph 101 calls for legal conclusions requiring no response.

## FOR A NINTH CAUSE OF ACTION
(42 U.S.C. § 1985 – Civil Conspiracy –As to Defendant CCSO and Defendants Tyner, Powell, Watson, Lucus, and Cannon, Individually and in their Official Capacities)

102. Requires no response.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny including subparts.

## FOR A SECOND DEFENSE
(Rules 8 and 12)

108. Plaintiff has failed to state a cause of action for which relief can be granted. Further, this Complaint should be dismissed for all applicable reasons in accordance with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
(Waiver, *Estoppel,* Laches, Acquiescence, Stale Demand, Statute of Limitations, Service of Process, No Proximate Cause)

109. Plaintiff's claims are barred, in whole or in part, by the doctrines of *estoppel*, laches, waiver, acquiescence, stale demand, service of process, statute of limitations, and the acts of the defendants were not the proximate cause of the injuries.

## FOR A FOURTH DEFENSE
(Sole Negligence/Comparative Negligence)

110. Answering Defendants assert that Plaintiff is solely negligent for his suffering and injuries or in the alternative is comparatively negligent.

## FOR A FIFTH DEFENSE
### (Sovereign Immunity - Tort Claims Act)

111. As to any violation of common law or state law, Answering Defendants assert the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et seq.*, as a defense and asserts that it does not waive any of the rights, privileges or immunities therein, including but not limited to Eleventh Amendment immunity.

## FOR A SIXTH DEFENSE
### (Intervening and Superseding Negligence)

112. That if the Answering Defendants were negligent, which is specifically denied, the injuries and damages sustained by Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding acts or omissions of others for which these defendants are not liable.

## FOR A SEVENTH DEFENSE
### (Qualified Immunity)

113. The actions/inactions and conduct of Answering Defendants, to the extent they actually occurred, were objectively reasonable under the circumstances of which they were aware. Their actions did not violate any clearly established constitutional, federal, or statutory right of which reasonable officials should have known, and they are entitled to qualified immunity.

## FOR AN EIGHTH DEFENSE
### (No Constitutional Violation)

114. The alleged actions/inactions claimed by Plaintiff did not rise to the level of a constitutional violation and Plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges, or immunities.

## FOR A NINTH DEFENSE
### (Assumption of Risk)

115. Plaintiff assumed the risk of being injured.

## FOR A TENTH DEFENSE
### (Emotional Distress)

116. Any claims by Plaintiff for the intentional infliction of emotional distress are not actionable and are barred by the plain language of the South Carolina Tort Claims Act.

## FOR AN ELEVENTH DEFENSE
### (Failure to Mitigate)

117. Plaintiff's claims are barred or must be reduced by his failure to mitigate damages should there be any damages.

## FOR A TWELFTH DEFENSE
### (Third Party Liability)

118. Answering Defendants assert that if anyone is liable to Plaintiff, all of which is specifically denied, it is a third party.

## FOR A THIRTEENTH DEFENSE
### (Absence of Bad Faith, Malice or Corrupt Motive)

119. Answering Defendants during the performance/non-performance of the alleged actions did not perform any act/inaction in bad faith, with corrupt motives, or in a malicious manner, and Answering Defendants are therefore immune from suit.

## FOR A FOURTEENTH DEFENSE
### (Punitive Damages Unconstitutional)

120. Punitive damages are not recoverable against Answering Defendants not only due to the unconstitutionality, but also in accordance with S.C. Code Ann. § 15-78-120(b).

## FOR A FIFTEENTH DEFENSE
### (Eleventh Amendment Immunity)

121. The Complaint, as drafted, sues the State of South Carolina through its agents. Plaintiff is prohibited from suing the defendants, as doing so would be equivalent of suing the State of South Carolina and in violation of the Eleventh Amendment to the United States Constitution.

## FOR A SIXTEENTH DEFENSE
### (Last Clear Chance)

122. The incident, if it occurred as alleged, all of which is expressly denied, could have been avoided by the Plaintiff in that he had the last clear chance to avoid the accident/injury, and the answering defendants conducted themselves in a manner of ordinary care and were not the proximate cause of the plaintiff's injuries.

## FOR A SEVENTEENTH DEFENSE
### (Medical Care/ Deliberate Indifference)

123 As to any allegations that the plaintiff was given inadequate medical care, the Answering Defendants deny that there has been any allegation of deliberate indifference to the serious medical needs of the plaintiff or that the alleged denial deprived him of any constitutionally protected rights or federal laws or that the Answering Defendants did not act in accordance with accepted medical practice and procedures while treating the plaintiff.

## FOR AN EIGHTEENTH DEFENSE
### (Intracorporate Immunity)

124. Plaintiff's conspiracy claims are barred as he cannot establish the elements necessary to prove the existence of any conspiracy involving the Answering Defendants or its employees. Further, the Intracorporate Conspiracy Doctrine bars the claims as set forth in the Complaint.

# FOR A NINETEENTH DEFENSE
**(Public Duty Doctrine)**

125. There is no statute, nor any reason to subject the defendant(s) to liability as there was no duty of due care owed to the plaintiff as any duty was owed to the public at large and not to any individual.

Wherefore, having fully answered the Complaint, Answering Defendants hereby pray that the Complaint be dismissed with prejudice; that Plaintiff be responsible for all costs and fees associated with defending this action; and for all such further relief as this court deems just and proper. In addition, Answering Defendants reserve the right to amend to allege additional affirmative defenses or other defenses as they become known throughout the course of discovery.

        s/ *Christopher T. Dorsel*
        SANDRA J. SENN (Fed. ID No. 05761)
        CHRISTOPHER T. DORSEL (Fed. ID No. 09628)
        *Senn Legal, LLC*
        Post Office Box 12279
        Charleston, South Carolina 29422
        (843) 556-4045
        (843) 556-4046 (fax)
        Sandy@SennLegal.com
        Chris@SennLegal.com

        Attorneys for Defendants Keith Tyner, Richard Powell, Eric Watson, Mitch Lucas, Al Cannon and the Charleston County Sheriff's Office

April 3, 2018
Charleston, South Carolina